IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CRYSTAL WILBURN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:12-CV-1410-N |
| | § | |
| WELLS FARGO BANK NATIONAL | § | |
| ASSOCIATION, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## ORDER

This Order address Defendants Wells Fargo Bank, N.A. and Ocwen Loan Servicing, LLC's motion for summary judgment [13]. For the reasons that follow, the Court grants the motion.

## I. THE PARTIES' MORTGAGE DISPUTE

Plaintiff Crystal Wilburn is the executrix of Shirley L. Gray's estate. Gray purchased property at 1414 Gardenia Street in Irving, Texas. In connection with the purchase, on August 2, 2002, Gray executed a promissory note (the "Note") in favor of Finance America. Gray also executed a deed of trust (the "Deed of Trust") on the same date in favor of Mortgage Electronic Registration Systems ("MERS"), as nominee of Finance America.

A "Transfer of Lien," with a recording date of May 27, 2009, purports to transfer the Deed of Trust and the Note from MERS, as nominee of Finance America, to Defendant Wells Fargo, as trustee for the Structured Asset Securities Corporation Amortizing Residential Collateral Trust Mortgage Pass Through Certificates Series 2002-BC8 (the

"Trust"). The transfer, however, states that it was entered into on October 30, 2002. Attached to the transfer is also an allonge which appears to transfer the Note, not the Deed of Trust, from Finance America, not MERS, to Wells Fargo. The allonge is also dated October 30, 2002. Meanwhile, Wells Fargo holds the Note, with no date, indorsed in blank by Finance America.

The date of the assignment is integral to the parties dispute. Under the terms of the documents creating the Trust, the Trust was to acquire its assets by its "Closing Date" of October 30, 2002. Because the recording date indicates that Wells Fargo received the Note outside of this window, Wilburn argues that she has at least raised an issue of material fact that the assignment was void, meaning that Wells Fargo did not have authority to foreclose.

In any event, Gray apparently became delinquent on the Note by failing to pay on March 1, 2007 or any time thereafter.[1] On March 20, 2009, Wells Fargo gave written notice and demand of the default, and notice of intent to accelerate if Gray failed to cure her default. Wells Fargo authorized Defendant Ocwen to administer foreclosure proceedings. Ocwen conducted a sale, and Wells Fargo purchased the property at the foreclosure sale. Wilburn filed suit, arguing that Ocwen and Wells Fargo foreclosed on the property without proper authority. Wells Fargo and Ocwen (collectively, "Defendants") now move for summary judgment.

---

[1]Wilburn asserts that she "does not admit or stipulate" to this fact, but offers no evidence controverting it. Pl.'s Resp. Def.'s Mot. Summ. J. 17-18.

## II.  The Defendants are Entitled to Summary Judgment

### A.  Summary Judgment Standard

Courts "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986).  In making this determination, courts must view all evidence and draw all reasonable inferences in the light most favorable to the party opposing the motion.  *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).  Courts, however, need not sift through the record in search of triable issues.  *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 164 (5th Cir. 2006).

The moving party bears the initial burden of informing the court of the basis for its belief that there is no genuine issue for trial.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  Once the movant has made this showing, the burden shifts to the nonmovant to establish that there is a genuine issue of material fact so that a reasonable jury might return a verdict in its favor.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986).  Moreover, "[c]onclusory allegations, speculation, and unsubstantiated assertions" will not suffice to satisfy the nonmovant's burden.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996) (en banc).  Indeed, courts resolve factual controversies in favor of the nonmoving party "'only when an actual controversy exists, that is, when both parties have submitted evidence of contradictory facts.'"  *Olabisiomotosho v. City of Hous.*, 185 F.3d 521, 525 (5th Cir. 1999) (quoting *McCallum Highlands, Ltd. v. Washington Capital Dus, Inc.*, 66 F.3d 89, 92 (5th Cir. 1995)).

### B.  Wilburn Has Failed to Raise a Fact Issue
### That Wells Fargo's Assignment Is Void

Defendants first assert Wilburn has no standing to challenge its assignment.  This is incorrect: a homeowner may challenge an assignment as void, though not if the assignment was merely voidable.  *See, e.g.*, *Green v. JPMorgan Chase Bank, N.A.*, No. 3:11–CV–1498–N, 2013 WL 1406012, at *2-3 (N.D. Tex. Apr. 8, 2013).  However, the Court concludes that Wilburn has not raised an issue of material fact that Wells Fargo's assignment was void.

*1.  New York Trust Laws Provide That Ultra Vires Actions Are Voidable, Not Void.* – New York Estate Powers & Trusts Law section 7-2.4 provides that "every sale, conveyance, or other act of the trustee in contravention of the trust, except as authorized by this article or by other provision of law, is void."  The Trust documents indicate that the Trust will take delivery of its assets on or before October 30, 2002.  Wilburn argues that the summary judgment evidence at least raises an issue of material fact showing that the trust acquired the Note after October 30, 2002, and based on section 7-2.4, any such assignment is void.  The Court disagrees.

Section 7-2.4 "is not applied literally in New York."  *Calderon v. Bank of Am., N.A.*, Cv. No. SA:12-CV-00121-DAE, 2013 WL 1741951, at *11 (W.D. Tex. Apr. 23, 2013) (quoting *Bank of Am. Nat'l Ass'n v. Bassman FBT, LLC*, 981 N.E.2d 1, 9 (Ill. App. Ct. 2012)).  Rather, New York case law repeatedly states that ultra vires trust actions may be ratified or consented to by the trust's beneficiaries.  *See id.*; *see also* 106 N.Y. JUR. 2D TRUSTS § 431 ("[T]rustee may bind trust to an otherwise invalid act or agreement which is

outside the scope of the trustee's power when beneficiary consents to or ratifies the trustee's ultra vires act or agreement.").  If an act may be ratified, it is voidable, not void.  *See Hacket v. Hacket*, No. 3338/2008, 2012 WL 669525, at *20 (N.Y. Sup. Ct. Feb. 21, 2012) (citing 27 WILLISTON ON CONTRACTS § 70:13 [4th ed.]); *see also* 17 C.J.S. CONTRACTS § 4 (noting that a void contract "is no contract whatsoever" and "cannot be validated by ratification").  Because a trustee's actions may be ratified, *ultra vires* actions are not void.  *See Cimmering v. Merril Lynch Mortg. Investors, Inc.*, No. 8727/2011, 2012 2332358, at *11 (N.Y. Sup. Ct. June 13, 2012); *accord Sigaran v. U.S. Bank Nat'l Ass'n*, No. H-12-3588, 2013 WL 2368336, at *3 (S.D. Tex. May 29, 2013); *Keyes v. Deutsche Bank Nat'l Trust Co.*, No. 12-11619, 2013 WL 440191, at *8 (E.D. Mich. Feb. 5, 2013).  Thus, even if the Note was acquired after the closing date, Wilburn may not challenge such an assignment because an ultra vires action, notwithstanding section 7-2.4, is voidable only.[2]

   *2.  Even if New York Trust Law Makes Ultra Vires Actions Void, Wilburn Offers No Evidence That the Trust Acquired the Note Outside the Closing Date.* – Even if ultra vires actions were void, enabling Wilburn to challenge those actions, Wilburn has failed to raise an issue of material fact that the actions were ultra vires.

   Wilburn's sole argument that Wells Fargo's assignment was void hinges on the date the Trust acquired the note.  To this end, Wilburn argues that there is an issue of material fact because the record contains two notes, the undated indorsed-in-blank note, and another

---

[2]Further, only beneficiaries may challenge the trustee's actions. *See, e.g.*, *In re Estate of McManus*, 390 N.E.2d 773, 774 (N.Y. 1979).  Wilburn is not a beneficiary to the Trust.

"note," an allonge attached to a transfer of lien, dated October 30, 2002 but recorded May 27, 2009. Because of the recording date, Wilburn asserts that she has raised an issue of material fact that the Trust acquired the Note after October 30, 2002. The Court disagrees. Although the transfer of lien and the attached allonge were *recorded* in 2009, this is no evidence of when the Trust acquired its interest. *See Robeson v. Mortg. Elec. Registration Sys., Inc.*, No. 02-10-00227-CV, 2012 WL 42965, at *5 (Tex. App. – Fort Worth Jan. 5, 2012, pet. denied) (holding that date of recordation "is not evidence of the actual date that [the assignee] became entitled to authorize enforcement of the lender's rights in the deed of trust" and does not "raise a fact issue as to the actual date [the lender]'s interests in the note and deed of trust were transferred to [the assignee].").

Wells Fargo shows its own authority to foreclose by producing the Note indorsed in blank. *See Perdomo v. Fed. Nat'l Mortg. Ass'n*, No. 3:11-CV-734-M, 2013 WL 1123629, at *3 (N.D. Tex. March 18, 2013). A holder of a note indorsed in blank is presumed to be entitled to enforce the Note merely by showing possession of it. *See id.* It is then Wilburn's burden to show otherwise. In any event, Wells Fargo also offers some evidence that it acquired the Note on or before the closing date – the transfer of lien and the attached allonge are both dated October 30, 2002 – and Wilburn failed to contradict this evidence with any evidence other than the recording date of the lien transfer. The Court has already noted that this is no evidence of when Wells Fargo acquired its right under the Note and Deed of Trust.

Accordingly, Wilburn has failed to raise an issue of material fact that Wells Fargo's assignment was void.[3]

### C.  Defendants Are Entitled to Summary Judgment on Plaintiff's Quiet Title Claim

To prevail on her quiet title claim, Wilburn must show (1) an interest in specific property; (2) title to the property is affected by a claim by the defendant; and (3) the claim, although facially valid, is invalid or unenforceable.  *Bell v. Bank of Am. Home Loan Servicing, LP*, 2012 WL 568755, at \*7 (S.D. Tex. Feb. 21, 2012).  Defendants argue that Wilburn has no evidence to support her claim.  The Court agrees.  The only evidence that Wilburn cites in support of her response to Defendants' no evidence motion is the Trust documents, with the October 30, 2002 closing date, and the transfer of lien recorded in 2009. The Court has already held that this recording date is no evidence that the trust acquired its interest outside the closing date.  Accordingly, Wilburn has failed to offer any evidence of the third element, that the Defendants' claim was invalid or unenforceable.  Accordingly, Defendants are entitled to summary judgment on Wilburn's quiet title claim.

---

[3]Wilburn also argues that Wells Fargo's note indorsed in blank did not comply with the Trust documents because the Trust documents require that all Notes contain "all necessary intervening endorsements."  However, a note indorsed in blank needs no intervening indorsements.  Rather, "[w]hen indorsed in blank, an instrument becomes payable to bearer and may be negotiated by transfer of possession alone until specially indorsed."  *See* TEX. BUS. & COM. CODE § 3.205(b); *accord* N.Y. U.C.C. § 3-204.

### D. Defendants Are Entitled to Summary Judgment
### on Wilburn's Slander of Title Claim

Defendants moved for summary judgment on Wilburn's slander of title claim. Wilbrun failed to respond to this claim. Accordingly, Defendants are entitled to summary judgment on Wilburn's slander of title claim.

### E. Defendants Are Entitled to Summary Judgment on Wilburn's
### TEX. CIV. PRAC. & REM. CODE § 12.002 claim.

 Section 12.002 prohibits any person from making, presenting, or using a document or other record with "knowledge that the document or other record is a fraudulent court record or a fraudulent lien or claim against real or personal property or an interest in real or personal property." TEX. CIV. PRAC. & REM. CODE § 12.002. Wilburn argues that Defendants violated this section in their actions preparing for and following through with the foreclosure sale. Defendants moved for summary judgment on the ground that Wilburn has no evidence to support her claim. In response, Wilburn again points to the allonge attached to the transfer of lien, arguing that this raises an issue of material fact regarding whether the allonge was fraudulent. The basis of this argument is that Wells Fargo, according to Wilburn, knew its rights were void because it knew it acquired the Note after the closing date. However, as noted, the date of recording is no evidence of when Wells Fargo actually acquired an interest in either the Note or the Deed of Trust. For the same reason that this allonge is no evidence that the assignment was void, it is also no evidence that any document was fraudulent. Accordingly, Wilburn fails to raise an issue of material fact, and the Court grants Defendants' motion for summary judgment on this claim.

ORDER – PAGE 8

### F.  Defendants Are Entitled to Summary Judgment on
### Wilburn's Breach of Contract Claim

Defendants argue that Wilburn has no evidence to support her breach of contract claim.  Wilburn failed to respond to this argument.  Accordingly, Defendants are entitled to summary judgment on Wilburn's breach of contract claim.

### G.  Wilburn Is Not Entitled to a Declaratory Judgment

The Declaratory Judgment Act ("DJA") is a procedural device; it creates no substantive rights and requires the existence of a justiciable controversy.  *See Green*, 2013 WL 1406012, at *11(citing cases).  Where the Court grants summary judgment on all other of a plaintiff's summary judgment claims, there is no justiciable controversy between the parties.  *See id.*  Here, the Court has granted summary judgment on all of Wilburn's other claims, thus, there is no longer a justiciable controversy between the parties.  Accordingly, Wilburn is not entitled to a declaratory judgment.

### CONCLUSION

For the reasons stated above, the Court grants Defendants' motion for summary judgment.[4]

---

[4]Wilburn also has a cause of action for "refund, fees, and costs."  Defendants did not move for summary judgment on this "claim."  However, Wilburn's request is for a remedy, not a cause of action, and because Wilburn has failed to establish any other valid cause of action, Defendants are entitled to summary judgment on this "claim."  *See Daleisa, Inc v. Bradford*, 81 S.W.3d 876, 880 (Tex. App. – Austin 2002, no pet.) (citing *Huff v. Fidelity Life Ins. Co.*, 312 S.W.2d 493, 501 (1958)) (noting that claim for attorney's fees is not separate cause of action); *see also Wildy v. Wells Fargo Bank, N.A.*, No. 3:12-CV-01831-BF, 2013 WL 246860, at *6 (N.D. Tex. Jan. 21, 2013) (holding that because plaintiffs failed to establish a valid cause of action, plaintiffs could not maintain a claim for fees).

Signed June 25, 2013.

David C. Godbey
United States District Judge

ORDER – PAGE 10